Jones, E. H., J.
The question this court is called upon to decide pertains to the validity of a mechanic’s lien held and sought to be enforced herein by The E. A. Kinsey Company. The claim secured by the lien amounts to about $972, with interest, which sum represents the value of two machines furnished by The E. A. Kinsey Company to The Automatic News Distributing Company, for which a receiver was appointed after the purchase of the machines.
It appears that the machinery in question has been sold by the receiver, and the proceeds are held under stipulation, subject to the determination of *451 the question arising on said lien. This question of the validity of the lien arises in the action originally brought for the appointment of the receiver, upon the intervening petition of The E. A. Kinsey Company seeking the enforcement of its lien.
The questions involved and discussed in the able briefs of counsel are important. We regret that time will not permit a reference to and discussion of the cases cited by counsel in support of their respective contentions.
The main question is of much importance and merits careful consideration, which it has received at our hands. It involves the construction of Section 8308, General Code, which is as follows:
“Every person who does work or labor upon or furnishes machinery, material or fuel for constructing, altering, or repairing a boat, vessel, or other water craft, or for erecting, altering, repairing or removing a house, mill, manufactory, or any furnace or furnace material therein, or other building, appurtenance, fixture, bridge, or other structure, or for digging, drilling, boring, operating, completing or the repairing of any gas well, oil well, or other well, or performs labor in altering, repairing, or constructing any oil derrick, oil tank, oil or gas pipe line, or furnishes tile for the drainage of any lot or land by virtue of a contract, express or implied, with the owner, part owner or lessee, of any interest in real estate or the authorized agent of the owner, part owner, or lessee of any interest in real estate, shall have a lien to secure payment thereof upon such boat, vessel, or other water craft, or upon such house, mill, manufactory, furnace, or other building, or appurtenance, fixture, bridge, or *452 other structure, or upon such gas well, oil well,. or other well, or upon such oil derrick, oil tank, oil or gas pipe line, and upon the material or machinery so. furnished, and upon the interest, leasehold or otherwise, of the owner, part owner, or lessee in the lot or land upon which they may stand, or to which they may be removed.”
The machines furnished by The E. A. Kinsey Company to The Automatic News Distributing Company were placed in a factory used for making vending machines. The space occupied by said factory was part of a factory building owned by The M. A. Hunt Company, and such space was leased by The Automatic Machine Manufacturing Company, by written lease duly recorded, prior to the purchase of the machines by The Automatic News Distributing Company from The E. A. Kinsey Company. These machines, it is admitted, form no part of the realty, and were not attached or fastened to the building or land in such a way as to make them permanent fixtures. In fact, one of the machines at the time the receiver was appointed had never been used. The question is: Does Section 8308, General Code, above quoted, authorize a lien upon this machinery in favor of The E. A. Kinsey Company? It is contended by the receiver that inasmuch as the lease was held by the machine company, instead of by the news company (which latter company, as will be borne in mind, purchased the machines), there can be no lien; that in order for the lien to be effective there must be some real estate of the lien debtor to which it can attach; and that this lease being held by another company makes it impossible for The E. A. *453 Kinsey Company to acquire any rights as against the lessee.
There is some question raised by the evidence and the admitted facts as to whether these two companies were really different, or were, in fact, one company operating under two separate names. Under the view we take of this case this question becomes unimportant. The news company was without question operating this factory. Its name appeared over the door. The machine company had formerly operated a factory on Fourth street; the news company had taken over its machinery and equipment and removed 'it to the present location. Under these circumstances there can be no doubt but that the news company, the purchaser of these machines, was operating the plant. That there was a lease for the real estate on record, to some one else, does not change this fact.
If will be noticed that Section 8308, using only the words thereof that are applicable to this case, says:
“Every person who * * * furnishes machinery * * * for erecting, altering, repairing or removing * * * a * * * manufactory * * * shall have a lien to secure payment thereof upon such * * * manufactory * * * and upon the material or machinery so furnished, and upon the interest, leasehold or otherwise, of the owner, part owner, or lessee in the lot or land upon which they may stand, or to which they may be removed.”
We have examined the cases cited in the briefs, as well as other authorities, and, after all, feel that we must be controlled by the provisions of the law of our state, so far as that law applies to the case *454 before us- A mechanic’s lien is purely a creature of the statute, and in every case involving a mechanic’s lien the main question must necessarily be, What does the statute provide? We have asked ourselves that question in this case, and will answer it by saying that we believe Section 8308, General Code, gives The E. A. Kinsey Company a right of lien upon the two machines furnished by it, and which were used in erecting, altering or repairing the manufactory of the person with whom it contracted for «the sale of the machines.
Authorities are cited, and are numerous, in support of the proposition that a lien could not have been secured upon these machines, or upon other machines placed as these were in a factory, by some one who had furnished labor or material for the construction of the building wherein the factory was located. It is obvious that in such a case a mechanic’s lien could only be obtained upon the building and such machinery as was a part of it under the law relating to fixtures.
The question here presented is not such a question as is discussed in those cases. The E. A. Kinsey Company only claims a lien upon the two machines which it sold and which went into and became a part'of the factory. They were machines that were necessary, and that greatly added to the output and efficiency of the factory.
By its intervening petition the lien holder does not seek to enforce a lien upon the real estate, the leasehold, or any property, real or personal, except these two machines. The statute, under a fair construction, as we think, gives it the lien which it seeks to enforce. In support of this construction *455 we refer to the case of The E. A. Kinsey Co. v. Heckermann, Trustee, 224 Fed. Rep., 308, 139 C. C. A., 544. By reference to that decision it will be found that the learned judge so construed Section 8308 of the General Code of Ohio as to uphold the lien contended for by The E. A. Kinsey Company in this case.
The prayer of the intervening petition will therefore be granted.

Judgment accordingly.

Jones, Oliver B., and Gorman, JJ., concur.